UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GREGORY WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | JUDGE_____ |
| WAFFLE HOUSE, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant: <u>Count One</u> – Violation of the Age Discrimination in Employment Act.

1. Plaintiff, Gregory Wright, resides in Davidson County, Tennessee.

2. Defendant, Waffle House, Inc., whose principal place of business is in Norcross, Georgia. Defendant can be served through its Registered Agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203-1312.

### JURISDICTION AND VENUE

3. This action is brought under the Age Discrimination in Employment Act, Civil Rights Act of 1991, the Civil Rights Act of 1964, 42 U.S.C. 2000e; and the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq* and the common law of the State of Tennessee.

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff was an employee of Waffle House, Inc. throughout the scope of this Complaint. He began his employment with Defendant in 1995. Plaintiff is currently 56 years old.

9. During Plaintiff's employment with Defendant, he performed his job duties to the standard that was required of his position.

10. In or around February 2012, a new supervisor was placed to manage the store Plaintiff was employed at.

11. Plaintiff was subjected to remarks such as he was too old to perform his job duties and that he was too slow due to his age.

12. Plaintiff's new supervisor also required Plaintiff to perform job duties that was not requested from younger co-workers, such as scrubbing ceilings, scrubbing air vents, cleaning under the seats. Plaintiff's supervisor would tell Plaintiff that if he was too old to complete these tasks, then he could go home.

13. In or around May 2012, Plaintiff's supervisor appeared with a new manager and told Plaintiff that he could not perform his job duties due to his age and advised Plaintiff to clock out and go home. Plaintiff did as his supervisor advised him to and understood he was terminated.

14. Plaintiff filed his EEOC Charge and was issued his Right to Sue letter.

## COUNT ONE

### Violation of the Age Discrimination in Employment Act

15. The conduct described herein of discrimination and retaliation constitute unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

16. Defendant is a "person" as defined by the Age Discrimination in Employment Act.

17. Defendant did segregate or classify Plaintiff based upon his age in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee.

18. Defendant's less favorable treatment of Plaintiff compared to his younger counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

19. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

**WHEREFORE,** Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

6. A judgment against Defendant for prejudgment interest; and,

7. Such other relief as this Court deems proper.

Respectfully submitted;

**ALLMAN & ASSOCIATES**

_____
ANDY L. ALLMAN, # 17857
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Telephone: (615) 824-3761 x203
Facsimile: (615) 264-2720
andylallman@comcast.net